UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **MUSTAF SHEIKH,**<br><br>Plaintiff,<br><br>vs.<br><br>**INDEPENDENT SCHOOL DISTRICT 535**<br>a/k/a/ Rochester Public Schools<br><br>Defendant. | Civil File No. 00-CV-1896 DWF/SRN<br><br>**STIPULATION AND**<br>**PROTECTIVE ORDER** |

## STIPULATION AND PROTECTIVE ORDER

Pursuant to an agreement among counsel for production of certain documents pursuant to the provisions identified below, the parties hereby enter into the following stipulation for a protective order to apply to all materials produced or testimony by a party that is identified by that party as non-discloseable.

1. Non-discloseable materials, as used in this Order, shall refer to any document, testimony or other discovery materials, or any portion thereof, which is designated by a party as containing confidential information, including, but not limited to, business or financial information, operating manuals, personnel files, payroll and benefits information, wage records, medical and psychological records, and other information a party may deem confidential.

Doc# 1374392\1

FILED MAR 21 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

2. Under this Stipulation and Order, there shall be one category of non-discloseable materials: "CONFIDENTIAL."

3. Non-discloseable materials designated by a party as "CONFIDENTIAL" shall only be used for the purposes of this litigation and shall be disclosed only to the Court and its staff, to the parties to this Order, and to the employees of the parties who reasonably need access to such materials for the prosecution or defense of this litigation. The parties' counsel, as well as other persons retained or consulted by such counsel or the party in connection with the preparation and prosecution of this action, including experts, shall also have access to these materials. Witnesses at deposition and trial may be shown non-discloseable materials if they are mentioned by name in the confidential document or if they are the sender or recipient of the confidential document. In no event shall any of the materials provided by any party be used for any purpose other than this litigation, either during the pendency of this action or after it has been concluded.

4. Materials shall be designated non-discloseable by affixing or placing the notice "CONFIDENTIAL" on such material. All such notices of classification shall be affixed in a manner that does not interfere with the legibility of the materials. There shall be no such designations with respect to any materials used except in a good faith belief that the materials in fact contain confidential subject matter.

5. Any party or person giving testimony on behalf of a party in these proceedings may designate that portion of his or her testimony deemed to be non-discloseable by advising the court reporter of such fact. The court reporter shall

separately transcribe those portions of the testimony so designated and shall mark the face of the transcript "CONFIDENTIAL." Whenever any document designated as non-discloseable is identified as an exhibit in connection with testimony given in these proceedings, it shall also be marked "CONFIDENTIAL."

6. Information designated as non-discloseable pursuant to this Order shall be treated as required by this Order by all persons to whom such information may be disclosed. Counsel for the parties shall inform all persons to whom disclosure of confidential documents is made of the existence and terms of this Order, including that violation of this Order may impose penalties for contempt of court.

7. At any time after the production of any material designated as non-discloseable by one party, the other party to this order may serve a notice of objection to such designation stating the reasons for such objection. Should the parties be unable to resolve the issues raised by the objection within seven (7) days of the receipt of such objection, the objecting party may thereupon seek a ruling from this Court with respect to the merits of the objection to the designation. The burden of proving the appropriateness of the designation shall be upon the party designating the materials.

8. Should any party to this Order desire to use in Court any non-discloseable material, that material and any pleading referencing the non-discloseable material shall be filed with the Court under seal with the following designation: "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER."

9. Any party to this Order may apply to the court at any time for modification of this Order, for supplemental orders or for further protection.

DATED: March 16, 2001

THE MOBLEY LAW FIRM

By ______________________

Michael Mobley
90 South Seventh Street
Suite 4540 Wells Fargo Center
Minneapolis, MN 55402
(612) 338-5638

ATTORNEY FOR PLAINTIFF

DATED: 3-7, 2001

LINDQUIST & VENNUM P.L.L.P.

By ______________________

Ansis Viksnins
Jennifer Suich
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 371-3211

ATTORNEYS FOR DEFENDANT

Upon the attached stipulation,

IT IS SO ORDERED.

Dated: 3/21,2001

BY THE COURT:

______________________

United States ~~District Court~~ Magistrate Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

## Clerks Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.